IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| WENDELL RAY BAINES, | § | |
| TDCJ-CID # 654395, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-71 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Wendell Ray Baines ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Dkt. No. 1.  Respondent has filed a Motion for Summary Judgment.  Dkt. No. 18. Having considered the motion, record and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

**Background**

Petitioner pled guilty to three counts of unlawful delivery of a controlled substance in 1992. Dkt. No. 17, Tr. of Plea of Guilty at 6-7.  The trial court placed Petitioner on deferred adjudication probation for ten years.  *Id.* at 15.  Just three months later, the State moved to adjudicate guilt.  Dkt. No. 17, Tr. of Motion to Adjudicate Guilt at 4.  On December 17, 1992, he trial court granted the motion and sentenced Petitioner to sixty years in prison.  Dkt. No. 17, Tr. of Sentencing Phase at 5.  Petitioner filed an appeal and the state Court of Appeals affirmed the trial court.  *Baines v. State*,

1

Nos. 13-93-015-CR, 13-93-016-CR (Tex. App. Jan. 20, 1994).

While Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, he did later file a petition for a writ of habeas corpus in that court. On November 22, 2000, the Court of Criminal Appeals granted that petition to the extent of permitting Petitioner to file an out-of-time petition for discretionary review. *Ex parte Baines*, No. 73,959 (Tex. Nov. 22, 2000). Petitioner never filed such a petition, however. Dkt. No. 18, Exh. A.

On June 1, 2004, Petitioner filed his second application for a writ of habeas corpus with the state. The application was returned for failure to comply with the Texas Rules of Appellate Procedure. Petitioner made another application on August 3, 2005 that was denied without written order on September 28, 2005.

Finally, Petitioner filed his petition with this court on May 30, 2006. Dkt. No. 1.

## Claims

Petitioner's grounds for relief are unclear. He appears to claim first that his conviction was invalid because it was based on information obtained from one Steven Davidson, while the indictment stated that the information was obtained from one Todd Jones.

Petitioner also appears to argue that the state trial court was without jurisdiction to adjudicate Petitioner's guilt because it was a court in a different district from that in which he had originally been found guilty, and which had granted him deferred adjudication.

## Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine when the judgment against Petitioner became final. The Texas Court of Appeals affirmed Petitioner's conviction and sentence on January 20, 1994. Petitioner had thirty days from that date to file a petition for discretionary review with the Texas Court of Criminal Appeals. TEX. R. APP. P. 68.2(a). Because he failed to do so, the judgment against him became final on February 19, 1994. Petitioner did not file his federal habeas petition within one year of this date.

Although Petitioner failed to file his state petition for discretionary review by February 19, 1994, he was granted leave to file a late petition on November 22, 2000. The Court of Criminal Appeals gave Petitioner thirty days in which to file his petition. Petitioner, however, never filed such a petition. Thus, while the statute of limitations may have been tolled by the Court of Criminal Appeals' grant of leave to file, Petitioner's failure to file by December 22, 2000 was fatal both to

his state right to review and his right to seek a federal habeas petition. *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004) ("[W]hen a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.").

Even if Petitioner's one-year clock started on December 22, 2000, his federal petition is untimely. Petitioner did not even file his next *state* habeas petition until over three years later, on June 1, 2004. Thus, regardless of whether the 1995, 2000, or 2001 date is used, Petitioner has failed to file his federal petition within one year as required by Section 2244.

Petitioner makes no allegations that would bring Section 2244(d)(1)(B), (C), or (D) into play. Petitioner does not argue that the State has unconstitutionally impeded him from filing his petition; that he is seeking vindication of a newly recognized constitutional right; or that he could not have discovered the factual predicate of his claims until recently.

Thus, Petitioner's petition for a writ of habeas corpus is time-barred, and must be dismissed.

### Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable.

Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED. The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 17th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE